**FILED**
**DECEMBER 12, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36350-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEMI ROSE KVETON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Demi Kveton appeals various legal financial obligations imposed in conjunction with her 2016 judgment and sentence for delivery of methamphetamine. We dismiss Ms. Kveton's appeal as untimely.

## FACTS

Ms. Kveton pleaded guilty to one count of delivery of methamphetamine. After finding Ms. Kveton suffered a chemical dependency, the trial court imposed a prison-based drug offender sentencing alternative (DOSA) and several legal financial obligations (LFOs). The LFOs included a $200 criminal filing fee, a $100 DNA[1] collection fee, and statutory interest. The judgment and sentence was entered on October 14, 2016.

---

[1] Deoxyribonucleic acid.

Ms. Kveton violated the terms of her DOSA. She was arrested and on August 29, 2018, her community corrections officer filed a notice of violation in the trial court, recommending revocation of the DOSA. The court considered the violation report and on August 30, 2018, entered an order revoking Ms. Kveton's DOSA. The order imposed 44 months' confinement and stated "[a]ll other terms and conditions of the original Judgment and Sentence shall remain in effect." Clerk's Papers at 148.

Ms. Kveton filed a notice of appeal on September 28, 2018.

ANALYSIS

Ms. Kveton argues on appeal that because she is indigent, RCW 36.18.020(2)(h) and RCW 43.43.7541 prohibit imposition of the $200 criminal filing fee and $100 DNA collection fee.

We do not reach the issue because Ms. Kveton's appeal is untimely. Ms. Kveton's LFOs were imposed on October 14, 2016. They were not re-imposed during the August 30, 2018 revocation hearing. Instead, they merely remained in effect. The August 2018 revocation hearing was not a resentencing. *See State v. Canfield*, 154 Wn.2d 698, 705, 116 P.3d 391 (2005). It did not result in the issuance of a new judgment and sentence.

Because Ms. Kveton's LFOs were not imposed or re-imposed at her DOSA revocation hearing, the LFOs are not before the court as part of Ms. Kveton's notice of

appeal. Ms. Kveton had 30 days from her October 14, 2016, sentencing to appeal her

LFOs. RAP 5.2(a)(1). Since she did not do so, her appeal is untimely and must be

dismissed.[2]

### CONCLUSION

Ms. Kveton's appeal is dismissed as untimely.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

_____

[2] Ms. Kveton also argues RCW 10.82.090(1) bars the State from assessing interest on nonrestitution LFOs as of June 7, 2018. Nothing about the revocation order currently under appeal suggests the State is in violation of this provision.

3